IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**WILSON CHAFIN,**

       **Plaintiff,**

v.                                               **Case No.: 2:16-cv-05982**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Remand pursuant to 42 U.S.C. § 405(g). (ECF No. 7).

On July 1, 2016, Plaintiff Wilson Chafin filed a complaint herein seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying Plaintiff disability insurance benefits under Title II of the Social Security Act. (ECF No. 2). This action was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition. (ECF No. 4). On September 23, 2016, before filing her answer, the Commissioner filed the present motion, seeking remand on the basis that the ALJ applied incorrect regulations when assessing Plaintiff's application. (ECF No. 7). The Commissioner asserts that Plaintiff's counsel consents to this motion to remand, (*Id.* at 2), and Plaintiff has not filed a response in opposition to the motion. Both parties have now consented to the jurisdiction of the U.S. Magistrate Judge. (ECF No. 8).

1

The sixth sentence in 42 U.S.C. § 405(g) provides, in pertinent part, that a district court may, "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." As noted above, the Commissioner has not filed an answer to Plaintiff's complaint. Moreover, the motion to remand states that the Commissioner will use the remand period to render a new decision using the proper regulations. (ECF No. 7 at 2). Accordingly, for good cause shown, the Commissioner's motion is **GRANTED.**

As noted by the Commissioner, remand shall be made in accordance with sentence six of 42 U.S.C. § 405(g). A sentence six remand "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991). Accordingly, when a district court orders such a remand, "there is no final judgment until [the Social Security Administration ("SSA")] returns to the district court to file SSA's 'additional or modified findings of fact and decision,' 42 U.S.C. § 405(g), and the district court enters a judgment." *Krishnan v. Barnhart,* 328 F. 3d 685, 691 (D.C. Cir. 2003) (citing *Melkonyan,* 501 U.S. at 98). "Depending on whether the SSA issues a favorable decision, the claimant may request that the court review the decision." *Cummiskey v. Comm'r, Social Sec. Admin.,* No. CIV. PJM 11-956, 2012 WL 1431486, at *3 (D. Md. Apr. 24, 2012) (citing *McPeak v. Barnhart,* 388 F. Supp. 2d at 742, 745 n. 2. (S.D. W. VA. 2005)). Thus, the appropriate disposition is that the district court "retains jurisdiction over the case but closes it and regards it inactive." *McPeak,* 388 F. Supp. 2d at 745 n. 2.

Accordingly, the Court **REMANDS** Plaintiff's case to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g) for further proceedings as outlined in the

unopposed motion. As the Court retains jurisdiction of the matter, the Court further **DIRECTS** the Clerk to close this case statistically and place it on the Court's inactive docket, subject to reopening statistically upon motion of either party pending the outcome of the administrative proceedings.

**IT IS SO ORDERED.**

The Clerk is instructed to send a copy of this Order to counsel of record.

**ENTERED:** December 16, 2016

Cheryl A. Eifert
United States Magistrate Judge